IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OKLAHOMA

DONALD G. JONES,

    Plaintiff,

v.                                                                         No. 20-CV-369-WPJ[1]

WAL-MART, INC., WALMART, INC.
FACILITY #5363

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendant Walmart's Motion to Dismiss for Lack of Jurisdiction (Doc. 11), filed December 24, 2020. Having reviewed the parties' pleadings and the applicable law, the Court **GRANTS** the Motion.

### DISCUSSION

In considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the truth of a plaintiff's well-pled factual allegations must be viewed in the light most favorable to the plaintiff. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Chief United States District Judge William P. Johnson of the District of New Mexico was assigned this case as a result of the Tenth Circuit Order designating Judge Johnson to hear and preside over cases in the Northern District of Oklahoma.

misconduct alleged." *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). In assessing whether a plaintiff has met this burden, the court need not credit bald assertions or legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1940-41.

Plaintiff Jones, acting *pro se*, filed a Complaint for bodily injuries allegedly sustained as a result of consuming contaminated food products sold by Defendant Walmart. In its Motion to Dismiss, Defendant Walmart focuses the Court's attention on a permanent injunction issued against Plaintiff Jones in 2012 by the United States District Court for Northern District of Georgia. Defendant Walmart argues that Plaintiff Jones did not comply with the terms of the permanent injunction in filing the current lawsuit, and as such, this case should be dismissed.

In issuing the injunction, U.S. District Judge Timothy Batten found Plaintiff Jones to be a vexatious litigant and cited a plethora of lawsuits Plaintiff Jones has filed across the country. Based on this finding, Judge Batten ruled,

> Donald G. Jones is hereby permanently enjoined from filing any new civil action in any federal court without first obtaining leave of that court. In seeking such leave, he shall submit to the clerk of that court a document entitled "Application for Leave to File Pursuant to Court Order." He shall attach to that application (1) the complaint he seeks to file; (2) a copy of this permanent injunction; (3) an affidavit certifying whether any claim in his complaint has ever been raised by him or on his behalf in any forum; (4) an affidavit listing every civil action previously filed by him or on his behalf in any forum against any defendant in the action he seeks to file; and (5) a copy of the complaint or other document commencing each such action and a certified record of its disposition.

Doc. 14, Ex. 1. In filing this lawsuit, Plaintiff Jones failed to seek leave of the United States District Court for the Northern District of Oklahoma for permission to file

this lawsuit. He attached a copy of the injunction to the Complaint, however, he failed to comply with the rest of the terms and ultimately was not granted leave. Under the terms of the permanent injunction, dismissal of the suit is proper. *Id*. ("Failure to comply with the terms of this permanent injunction shall be sufficient grounds for . . . dismissal of any civil action that was commenced after the date this injunction was entered.").

Notably, Courts routinely uphold these types of injunctions. *See Coando v. Westport Res.*, 85 Fed. Appx. 59 (10th Cir. 2003); *Winslow v. Hunter,* 32 F.3d 1446 (10th Cir 1994); *In re Martin-Trigona*, 763 F.2d 140 (2d Cir. 1985). Therefore, based on the permanent injunction and Plaintiff Jones' failure to seek leave of this Court for permission to file this civil action, Defendant Walmart's Motion to Dismiss is **GRANTED**, thus disposing of this case in its entirety.

The Court notes that even if the permanent injunction did not bar Plaintiff Jones from filing this suit, the Motion to Dismiss would nevertheless be granted based on lack of jurisdiction. Plaintiff Jones bears the burden of proving personal jurisdiction over Defendant Walmart. *Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007). There are two options for Plaintiff Jones to establish personal jurisdiction over Defendant Walmart. The first option is establishing that Defendant Walmart was a citizen of Oklahoma. *Montgomery v. Airbus Helicopters, Inc.*, 414 P.3d 824, 828-29 (Okla. 2018). A corporate defendant is a citizen of the state(s) where it has its principal place of business and where it is incorporated. *Id*. (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)); *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 924 (2011). Defendant Walmart is incorporated in Delaware and has its principal place of business in Arkansas. Therefore, this avenue for establishing jurisdiction fails. The second option is

establishing specific jurisdiction by showing that the defendant has purposefully directed activities at the residents of the forum state, and the litigation results from alleged injuries that arise out of or relate to those activities. *Id*.; *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017) (noting that for specific jurisdiction to attach, there must be a connection "between the forum and the underlying controversy such as an activity or occurrence that takes place in the forum state"). Defendant Walmart clearly directs activities at the citizens of Oklahoma, as it maintains stores and sales in Oklahoma. However, the litigation in this case arises from an event and subsequent injury allegedly occurring in Georgia. Thus, personal jurisdiction has not been established.

Finally, improper venue is an additional basis for dismissal. Venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; or (2) a district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). If neither of those yield a suitable venue, then an action may be brought where the defendant is subject to personal jurisdiction. *Id*. As discussed, Defendant Walmart is not a citizen of Oklahoma, the alleged events giving rise to Plaintiff Jones' lawsuit did not occur in Oklahoma, and there is no personal jurisdiction in Oklahoma over Defendant Walmart for any alleged claims in this lawsuit. Therefore, venue is not proper.

## **CONCLUSION**

For the above-discussed reasons, Defendant Walmart's Motion to Dismiss is **GRANTED**, thereby disposing of this case in its entirety.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
UNITED STATES DISTRICT JUDGE